ON REHEARING
May 12, 1992
PLOTKIN, Judge.
We granted rehearing in this case to reconsider our decision reversing the trial court judgment in favor of the plaintiffs, the heirs of Charles Mitchell, and against defendant Budget Rent-A-Car. Following reconsideration, we withdraw our earlier opinion and affirm the trial court judgment.
On July 27, 1987, Mitchell was a passenger on a bus owned by the Regional Transit Authority (RTA), who was injured when the bus came to a sudden stop to avoid a collision with an automobile owned by defendant, Budget Rent-A-Car. At trial, the bus driver testified that an automobile ran a stop sign directly in her path, requiring her to stop suddenly. As a result, Mitchell fell and was injured. The bus driver and the RTA supervisor who came to the scene both saw a Budget decal on the car, but stated that they did not get the driver’s name; they said that he looked Japanese. Budget admitted that it owned the car and provided insurance, but the lease contract was not placed into evidence. The trial court rendered judgment in favor of plaintiffs against Budget for $8,580; RTA was not mentioned in the judgment. Budget appealed; we reversed on appeal.
Our previous decision in this case was based solely on the finding that the plaintiff failed to identify the driver of the vehicle and on the fact that the lease contract between Budget and the alleged driver was not in evidence. Because of these omissions, we found that the trial court record contained “no evidentiary basis for a judgment against Budget.”
However, in reaching that conclusion, we failed to consider interrogatories and requests for production of documents propounded by the plaintiff to Budget. These documents, and the answers supplied by Budget, were offered at the trial level by the plaintiffs’ attorney.
In their interrogatories, the plaintiffs specifically asked Budget to identify the lessee/driver of the vehicle in question. Budget responded that the vehicle was leased to Takashi Yoshida, a representative of Toyoto Shouo of Dishi Fjc, Japan, at the time the accident occurred. However, Budget failed to provide an address for Mr. Yoshida, despite the plaintiffs’ request that that information be provided. Additionally, Budget answered the plaintiffs’ request that it produce the lease agreement with Mr. Yoshida with the following statement: “These documents are currently not available, but will be forwarded when they become available.” Budget never supplied the requested information.
The plaintiffs in the instant case took every possible step to prepare for trial and cannot be held responsible for Budget’s failure to produce the necessary information to prove their case. Budget cannot be allowed to take advantage of its own failure to properly produce requested information solely within its control.
Once the plaintiffs proved that the vehicle in question belonged to Budget and that the vehicle caused the accident which resulted in the injuries, a prima facie case *203 was established and the burden shifted to Budget to exculpate itself from liability.
Budget has admitted that it owned the car in question and that it provided insurance on the vehicle. Under the provisions of LSA-R.S. 32:900(B)(2), a “Motor Vehicle Liability Policy” must provide “omnibus” insurance, which covers any person using an insured vehicle with the insured’s express or implied permission. See Hearty v. Harris, 574 So.2d 1234 (La.1991). However, in Hearty, the Louisiana Supreme Court held that the above provision does not “expressly require a self-insured to be responsible for the actions of a person using the vehicle with the express or implied consent of the self-insured or the authorized driver(s).” Id. at 1238, citing LSA-R.S. 32:1042, which details the requirements and obligations of self-insurers. Thus, Budget argues that it cannot be held liable for the injuries to the plaintiffs’ decedent because the plaintiffs failed to prove either that the car was being driven by an insured driver or that the self insurance Budget provided on the vehicle in question included omnibus coverage.
We disagree. Although it is true that self-insurers are not absolutely required to provide omnibus coverage, LSA-R.S. 32:900(B)(2) evidences the strong public policy in favor of omnibus insurance. In light of that strong public policy, Budget cannot be allowed to rest on the fact that the plaintiff failed to prove the contents of an insurance policy which Budget itself failed to produce despite a proper timely request by the plaintiff. Under the circumstances, the plaintiff was entitled to a presumption that the policy in question contained an omnibus clause.
Therefore, once the plaintiff established its prima facie case, Budget would have had to prove the following two things to exculpate itself from liability: (1) that the driver of the vehicle was not the lessee of the automobile, and (2) that the insurance policy did not include an omnibus clause. Since Budget failed meet its burden of proving those two factors, the trial court properly ruled in the plaintiffs’ favor. Our previous opinion to the contrary was incorrect.
For the above and foregoing reasons, our original opinion in this case is withdrawn, and the trial court judgment is affirmed.
AFFIRMED.
SCHOTT, C.J., dissents for the reasons assigned in the original opinion.